IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

JOE HAND PROMOTIONS, INC.,        *

     Plaintiff,                *

vs.                           *

SOUTHERN HART BREWING COMPANY,  *      CASE NO. 3:25-cv-22 (CDL)
LLC, SCOTT BARFIELD, SUSANNE
BARFIELD,                 *

     Defendants.             *

O R D E R

Plaintiff filed this action for satellite piracy against Southern Hart Brewing Company LLC, Scott Barfield, and Susanne Barfield. Plaintiff filed proofs of service showing that all three Defendants were served on February 17, 2025. *See* Proofs of Service, ECF Nos. 4, 5 & 6. Defendants did not answer or otherwise respond to the Complaint, and the Clerk granted Plaintiff's application for entry of default. Plaintiff then filed a motion for default judgment. Defendants did not move to set aside the default or respond to the motion for default judgment. As discussed below, the motion (ECF No. 8) is granted.

By their default, Defendants admitted the "well-pleaded allegations of fact" in Plaintiff's complaint. *Giovanno v. Fabec*, 804 F.3d 1361, 1366 (11th Cir. 2015). These admitted allegations include:

♦ Plaintiff held the exclusive commercial distribution rights to the broadcasts of *UFC 261: Usman vs. Masvidal* 2 (telecast on April 24 2021), *UFC 264: Poirier vs. McGregor III* (telecast on July 10, 2021), *UFC 270: Ngannou vs. Gane* (telecast on January 22, 2022), and *UFC 271: Adesanya vs. Whittaker II* (telecast on February 12, 2022) (the "Programs"). Compl. ¶ 3, ECF No. 1.

♦ Scott and Susanne Barfield operated, maintained, and controlled an establishment called Southern Hart Brewing Company, LLC in Hartwell, Georgia. Both Scott and Susanne Barfield had a right and ability to supervise the activities at Southern Hart Brewing Company. *Id.* ¶¶ 4-6, 17.

♦ "The broadcasts of the Programs originated via satellite uplink and were subsequently re-transmitted interstate to cable systems and satellite television companies via satellite signal." *Id.* ¶ 8.

♦ Plaintiff entered agreements under which commercial establishments in Georgia could pay a fee to exhibit the Programs to their patrons. *Id.* ¶ 9.

♦ Defendants did not enter an agreement with Plaintiff and instead "took affirmative steps to circumvent the commercial sublicensing requirement and unlawfully obtained each of the Programs" via satellite signal. *Id.* ¶¶ 10-12.[1]

♦ "Defendants willfully engaged in wrongful acts to intercept and/or receive each of the Programs for free or at a nominal cost or assisted in such actions" even though they knew or should have known that their "receipt and exhibition of the Programs at [Southern Hart Brewing Company] was not properly authorized." *Id.* ¶ 13.

♦ "Defendants intentionally pirated or assisted in the intentional piracy of the Programs for the purpose of their own economic gain," and they displayed the Programs publicly for their customers at Southern Hart Brewing Company even

---

[1] In the alternative, Plaintiff alleges that Defendants obtained each of the programs via cable signal, which would violate the cable piracy statute (47 U.S.C. § 553). That allegation is also admitted by virtue of the default, though Plaintiff acknowledges it cannot recover under both the satellite piracy statute (47 U.S.C. § 605) and the cable piracy statute (47 U.S.C. § 553), which provide similar relief for parties aggrieved by satellite and cable piracy.

though they "did not have license, authorization, permission, or consent from Plaintiff to exhibit any of the Programs" at Southern Hart Brewing Company.  *Id.* ¶¶ 14-16.

Under 47 U.S.C. § 605(a), a person may not engage in unauthorized reception and publication of a satellite transmission.  *See J & J Sports Prods., Inc. v. Taqueria Jalisco, Inc.*, 491 F. App'x 962, 963 (11th Cir. 2012) (affirming award of statutory damages under 47 U.S.C. § 605 based on restaurant's unauthorized display of a boxing program that it received via satellite signal).  A party aggrieved under 47 U.S.C. § 605 "may recover an award of statutory damages for each violation . . . in a sum of not less than $1,000 or more than $10,000, as the court considers just." 47 U.S.C. § 605(e)(3)(C)(i)(II).  And, if "the court finds that the violation was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain, the court in its discretion may increase the award of damages, whether actual or statutory, by an amount of not more than $100,000 for each violation of subsection (a)." *Id.* § 605(e)(3)(C)(ii).

Based on the admitted allegations of Plaintiff's Complaint, the four Programs were transmitted via satellite signal, Defendants intercepted the four Programs via satellite signal, Defendants did not pay for the right to receive the transmissions, and Defendants displayed the four Programs to patrons in their commercial establishment.   These allegations establish four

violations of 47 U.S.C. § 605(a).  The allegations in the Complaint
further establish that Defendants' actions were willful and with
the purpose and intent to secure a commercial advantage and private
financial gain.  Plaintiff seeks $10,000.00 in statutory damages
and $100,000.00 in enhanced damages for Defendants' four
violations of § 605(a). The Court finds that a hearing on the
amount of damages is unnecessary because the amount claimed is
capable of mathematical calculation. *See Organizacion Miss Am.
Latina, Inc. v. Urquidi*, 712 F. App'x 945, 948 (11th Cir. 2017)
(per curiam) (finding no abuse of discretion where district court
refused to hold an evidentiary hearing on damages in a Lanham Act
case where the plaintiff claimed statutory damages).

Based on Defendants' four violations of 47 U.S.C. § 605(a)
and their failure to respond to Plaintiff's Complaint, the Court
finds that Plaintiff should be awarded statutory damages in the
amount of $4,400.00 for the unlawful exhibition of Plaintiff's
Programs.[2]   The Court further finds that Plaintiff should be
awarded enhanced damages in the amount of $8,800.00.  Plaintiff is
also entitled to attorney's fees and costs. *See* 47 U.S.C.
§ 605(e)(3)(B)(iii).  Plaintiff requested attorney's fees in the
amount of $4,544.50.  The Court reviewed Plaintiff's request for

---

[2] Based on the present record, it is the Court's understanding that if
Defendants had paid the commercial sublicense fee, it would have been
approximately $1,100.00 for each of the four Programs.

attorney's fees and the supporting documentation and concludes that this amount is reasonable.  Plaintiff is therefore awarded attorney's fees of $4,544.50, for a total judgment of $17,744.50 in favor of Plaintiff and against Defendants.  Plaintiff shall also recover its costs; Plaintiff shall file a bill of costs within fourteen days of the date of this Order.

IT IS SO ORDERED, this 27th day of March, 2025.

s/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA